IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:12-430-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Daniel Eugene Bifield, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's response regarding the Order filed December 30, 2014, and motion for appointment of counsel. ECF No. 1728.

On December 30, 2014, the court the court notified Defendant that pursuant to the allegations in his motion relating to alleged actions of counsel, he had three (3) options from which to choose. *See* Text Order, ECF No. 1726. January 9, 2015, Defendant notified this court that he seeks the appointment of counsel to advise him on this matter and that absent appointment of counsel, he chooses not to waive the attorney client privilege. *See* Mot. at 2.

Defendant does not have a constitutional or statutory right (prior to the scheduling of an evidentiary hearing, if such is required) to the assistance of counsel in pursuit of his § 2255 motion. Attorneys may be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the current case, the December 30 Order fully explains Defendant's rights and options, and the appointment of counsel to explain his "legal rights" in waiving or not waiving his attorney client privilege would not provide any additional assistance to Defendant. Accordingly, Defendant's motion for appointment of counsel is **denied**.

Defendant indicates that "[i]f the court denies me [the appointment of counsel], then I will

1

have to not waive my attorney-client privilege." Mot. at 2. As explained in the December 30 Order, "the court will address the ineffectiveness issues in the § 2255 motion which implicate the attorney-client privilege based on the existing record, and there may be a presumption that the representation of Attorneys Evatt and Burnside was not ineffective. *See*, *e.g.*, *Chandler v. United States*, 218 F.3d 1305, 1324 (11th Cir. 2000)." Order at 2, ECF No. 1726.

The Government had previously moved for an extension of time to respond to Defendant's motion. *See* ECF No. 1725. In light of Defendant's election not to waive the attorney-client privilege, the Government shall respond to Defendant's § 2255 motion by no later than **Friday, February 20, 2015.**

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 13, 2015

2