IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:12-430-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Daniel Eugene Bifield, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on counsel Allen B. Burnside's Reply to the court's order filed February 18, 2015. ECF No. 1741. Counsel seeks clarification regarding Defendant's waiver of certain aspects of his attorney-client privilege relating to Defendant's motion for relief under 28 U.S.C. § 2255. ECF No. 1737.

On February 17, 2015, Defendant filed a "Limited Waiver of Attorney Client Privilege Relating to 2255 Proceeding[s]." ECF No. 1737. In paragraph 2 of the waiver, Defendant indicates that "this limited waiver does not waive attorney client privilege between Daniel Bifield and Attorney Allen B Burnside in their privilege[d] verbal and written [sic]." Additionally, Defendant reserves his "right to object to any breach of this limited waiver if Mr. Burnside should stray out of the permissible boundaries as stated herein." *Id*. Counsel maintains that "the Limited Waiver provided by Bifield is not sufficient to allow counsel to provide an affidavit to the government answering the charges raised in the 2255." Reply at 2. Additionally, Bifield only waived his attorney-client privilege (such as he did) as to Burnside, and not as to Katherine E. Evatt, who also represented Bifield in this court.

Defendant's current limited waiver of attorney-client privilege does not provide sufficient basis to order an attorney to provide an affidavit defending his or her performance in a § 2255

1

action. Accordingly, the court again[1] directs Bifield to provide a response to this court's directive of the following: 1. Defendant may withdraw the issues in his § 2255 motion relating to ineffective assistance of counsel and other claims which could implicate the attorney-client privilege; 2. Defendant may proceed with his motion and waive his attorney-client privilege as to claims of ineffectiveness he has raised in his motion and memorandum, or; 3. Defendant may proceed with his motion but choose not to waive his attorney-client privilege. If he chooses this option, the court will address the ineffectiveness issues in the § 2255 motion which implicate the attorney-client privilege based on the existing record, and there may be a presumption that Attorneys Burnside and Evatt were not ineffective.

Defendant shall file a clarification as outlined above relating to both attorneys Burnside and Evatt by **Friday, March 20, 2015**. The Government's time for response to Defendant's motion is hereby suspended pending further order of this court.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 2, 2015

---

[1] See Order, ECF No. 1726 (filed Dec. 30, 2014).

2